## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WILLIAM FINLEY**  **CIVIL ACTION**

**VERSUS**

**20-471-JWD-RLB**

**ANDREW M. SAUL**
**COMMISSIONER OF SOCIAL SECURITY**

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 11, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM FINLEY** | **CIVIL ACTION** |
| **VERSUS** | |
| **ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY** | **20-471-JWD-RLB** |

**REPORT AND RECOMMENDATION**

William Finley (Plaintiff) seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g).[1] (R. Doc. 1). Having found all the procedural prerequisites met (Tr. 1-5), the Court has properly reviewed Plaintiff's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you… file an action in Federal district court…").

Although instructed that it was unnecessary (R. Doc. 5 at 2), plaintiff filed a separate Motion for Summary Judgment (R. Doc. 13) with the memorandum in support of appeal. For the reasons given below, the Court **RECOMMENDS** that the Motion for Summary Judgment (R. Doc. 13) be **DENIED**, the decision of the Commissioner be **AFFIRMED,** and Plaintiff's appeal be **DISMISSED with prejudice**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed his application for disability insurance benefits on April 19, 2018. (Tr. 158). Plaintiff also filed an application for supplemental security income on April 26, 2018. (Tr.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Accordingly, Kilolo Kijakazi is automatically substituted for Andrew M. Saul as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

152). In both applications, Plaintiff allege that he became disabled on January 25, 2018. (Tr. 152, 158). Plaintiff's alleged disabling conditions include shoulder blade swelling, neck pain, arm pain and swelling, knee pain, foot cramping, and wrist pain and swelling. (Tr. 190). Plaintiff's applications for benefits were initially denied by the Social Security Administration on September 18, 2018. (Tr. 84, 88). An Administrative Law Judge ("ALJ") held a video hearing on September 26, 2019, (Tr. 33-62), after which he issued a partially favorable decision on October 18, 2019. (Tr. 7-20).

      The ALJ found that based on Plaintiff's application for disability insurance and supplement security income, Plaintiff has been disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act (the "Act") since January 22, 2019. (Tr. 20). The medical evidenced established that Plaintiff suffers from severe degenerative disc disease with cervical spondylosis. (Tr. 13). Plaintiff's severe impairments, however, do not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404 Subpart P, Appendix. (Tr. 14).

      After considering the entire record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). (Tr. 14). The vocational expert testified that Plaintiff's past relevant work ("PRW") as a floor waxer exceeds his determined RFC. (Tr. 18). Therefore, the ALJ held that Plaintiff has been unable to perform his PRW as a floor waxer since January 25, 2018. (Tr. 18).

      Additionally, the ALJ found that Plaintiff was not disabled prior to January 22, 2019, because —considering Plaintiff's age, RFC, education, and work experience, in conjunction with the Medical-Vocational Rules—there were jobs that Plaintiff could have performed, such as cafeteria worker, lunchroom attendant, and office helper. (Tr. 19). Conversely, Plaintiff became disabled when Plaintiff reached advanced age on January 22, 2019. (Tr. 19).

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 15, 2020. (Tr. 1-4). The ALJ's decision rested as the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See* 20 C.F.R. § 404.981.

## II.    STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether there is substantial evidence to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *Anthony v. Sullivan,* 954 F.2d 289, 292 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as less than a preponderance but "more than a mere scintilla." *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan,* 895 F.2d at 1022. The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (internal quotations omitted). The Court may not reweigh the evidence or try the issues *de novo,* nor may it substitute its judgment for that of the Commissioner. *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000) (quoting 42 U.S.C. § 405 (g)). If, on the other hand, the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the

3

correct legal principles were followed, it is grounds for reversal. *See Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

## III. ALJ'S DETERMINATION

To qualify for benefits, the claimant must establish that he is disabled within the meaning of the Social Security Act ("SSA"). *Herron v. Bowen,* 788 F.2d 1127, 1131 (5th Cir.1986) (internal citations omitted). The SSA defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Selders v. Sullivan,* 914 F.2d at 618.

The Commissioner (through an ALJ) applies a five-step sequential analysis to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). First, the claimant must prove he or she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his or her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities…" 20 C.F.R. § 404.1520(c). At step three, the ALJ must conclude the claimant is disabled if he or she proves that his or her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app'x 1 (Listing of Impairments). Fourth, the claimant bears the burden of proving he or she is incapable of meeting the physical and mental demands of his or her past relevant work. 20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps, then the burden shifts to the Commissioner to prove, considering the claimant's RFC, age, education, and past work experience, that he or she is capable of performing other work. 20 C.F.R § 404.1520(g)(1). If the

Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

Here, the ALJ made the following determinations:

1. Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2022.

2. Plaintiff has not engaged in substantial gainful activity since the alleged onset date. 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*

3. Since the alleged onset date of disability, January 25, 2018, Plaintiff has had the following severe impairment: degenerative disc disease with cervical spondylosis. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

4. Since January 25, 2018, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.

5. After careful consideration of the entire record, the ALJ found that since January 25, 2018, Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).

6. Since January 25, 2018, Plaintiff has been unable to perform any past relevant work. RFC. 20 C.F.R. §§ 404.1565 and 416.965.

7. Prior to the established onset date, Plaintiff was an individual closely approaching advanced age. On January 22, 2019, Plaintiff's age category changed to an individual of advanced age. 20 C.F.R. §§ 404.1563 and 416.963.

8. Plaintiff has at least a high school education and is able to communicate in English. 20 C.F.R. §§ 404.1564 and 416.964.

9. Prior to January 22, 2019, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled" whether or not Plaintiff has transferable job skills. Beginning on January 22, 2019, Plaintiff has not been able to transfer job skills to other occupations. *See* SSR 82-41 and 20 C.F.R. § Part 404, Subpart P, Appendix 2.

10. Prior to January 22, 2019, the date Plaintiff's age category changed, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. 20 C.F.R. §§ 404.1569, 404.1569a, 416.969, and 416.969a.

11. Beginning on January 22, 2019, the date Plaintiff's age category changed, considering Plaintiff's age, education, work experience, and RFC, there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform. 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966.

12. Plaintiff was not disabled prior to January 22, 2019, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision. His disability is expected to last twelve months past the onset date. 20 C.F.R. §§ 404.1520(g) and 416.920(g).

## IV.  DISCUSSION

Plaintiff advances three arguments in support of his request to reverse the ALJ's decision, which will be addressed within the framework of the five-step analysis. All of Plaintiff's arguments pertain to the ALJ's determination that Plaintiff was not disabled prior to January 22, 2019. (R. Doc. 13-2 at 1-2). First, Plaintiff avers that remand is required because the ALJ failed to follow a proper legal standard and committed reversible error by conducting no analysis of Plaintiff's lumbar impairment. (R. Doc. 13-2 at 4). Second, the ALJ committed reversible error by accepting the opinion of a non-examining osteopath over that of the treating orthopedist. (R. Doc. 13-2 at 4). Third, the ALJ failed to follow a proper legal standard by neglecting to assess Plaintiff's RFC on a function-by-function basis. According to Plaintiff, the ALJ committed reversible error by basing his RFC on irrelevant evidence. (R. Doc. 13-2 at 4-5).

### A.  Substantial evidence supports the ALJ's determination that Plaintiff did not have a severe lumbar impairment

In his first assignment of error, Plaintiff alleges that the ALJ failed to conduct an analysis of the severity of Plaintiff's lumbar impairment and loss of reflex in his lower extremity. (R. Doc. 13-2 at 7). Plaintiff argues that objective medical evidence indicates that his lumbar impairment is severe. In so arguing, Plaintiff points to records showing that he "had a reduced

knee jerk and unequal (*i.e.* pathological) reflexes at the ankles with absent reflex at the right ankle." (R. Doc. 13-2 at 7; Tr. 299, 304).

In response, Defendant suggests that Plaintiff's lumbar injuries are not clinically found impairments. The ALJ does not have the discretion to make a disability determination on reported symptoms that are not clinically found to cause functional limitations. (R. Doc. 15 at 5) (citing *Randall v. Astrue,* 570 F.3d 651, 657-58 (5th Cir. 2009) ("the Act and the regulations 'separate the question of the impairment's existence from the question of its severity'"). Defendant further argues that the objective evidence supports a finding that Plaintiff's lumbar injuries are not severe.

A "physical or mental impairment" is "an impairment that results from an anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Hames v. Heckler,* 707 F.2d 162, 165 (5th Cir. 1983). "Slight abnormalities" that have "such a minimal effect in the individual that it would not be expected to interfere with the individual's ability to work irrespective of age, education, or work experience" are not considered severe. *Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1985).

Here, there is no evidence that Plaintiff's alleged lumbar injuries would limit his ability to perform work-related activities during the relevant timeframe. Even if the evidence established a lumbar impairment, substantial evidence supports a finding that the impairment in non-severe. On June 26, 2018, Plaintiff complained of lower back pain (which he rated as 10/10). (Tr. 223, 299). Plaintiff reported this pain going back "for as long as twenty years or more," presumably during which he was fully employed. In addition, the lumbosacral exam revealed "no spasm, list, or scoliosis." (Tr. 223, 299). Plaintiff also has "a full range of motion in his lumbar spine" with some reported pain on the extreme, and "[his] lumbar lordosis is preserved and reserve[d] with ford flexion." (Tr. 223, 299). His lumbar spine x-rays show

7

evidence of degenerative disc disease, but he has good bone quality. (Tr. 223, 299). Dr. Loupe also noted that Plaintiff has "no motor weakness of any muscle group in the upper and lower extremities." (Tr. 223, 299). Other than Plaintiff's subjective report, nothing was indicated as a source of any pain. More importantly, Dr. Loupe noted that, although Plaintiff rated his pain as a 10/10, Plaintiff did not give the impression of having such level of pain. (Tr. 300). As a result, Dr. Loupe noted that medical treatment was unnecessary, and he prescribed Plaintiff ibuprofen for the pain. (Tr. 300). Dr. Loupe also fitted Plaintiff for a lumbosacral coreset, gave him back exercises to perform, and noted that he would see Plaintiff "on an as needed basis." (Tr. 300).

Based on the foregoing, the Court finds that substantial evidence supports a determination that Plaintiff's lumbar injuries do not cause functional limitations. Moreover, at the administrative level Plaintiff did not contend that he had a lumbar impairment. (*See* Tr. 190). Even during the hearing before the ALJ, Plaintiff neglected to mention any lower back pain. Plaintiff only testified that lifting and performing his PRW as a floor waxer caused pain in his neck, arms, and muscles. (Tr. 40, 42). As such, the AJ did not commit reversible error by declining to make a disability determination with respect to Plaintiff's lumbar injuries. *See Dominique v. Barnhart,* 388 F.3d 462, 463 (5th Cir. 2004) (finding that substantial evidence supported the ALJ conclusion that the claimant's alleged depression was not an impairment because there was "no evidence indicating that her alleged depression affected her ability to work."); *Wilson v. Barnhart,* 210 Fed. Appx 448, 450-51 (5th Cir. 2006) (finding that the ALJ did not err in failing to consider the claimants possible mental impairment because the claimant did not assert that she was depressed in her application or at the hearing).

### B. The ALJ did not commit reversible error by rejecting the opinion of Plaintiff's treating orthopedist

In his second assignment of error, Plaintiff contends that the ALJ erred in rejecting the opinions of Plaintiff's orthopedic physician. Plaintiff asserts that the ALJ improperly relied on

8

the opinions of the Disability Determination Services ("DDS") physician, a non-examining physician. (R. Doc. 13-2 at 7). According to Plaintiff, the medical consultant failed to consider the findings of Dr. Loupe—which he contends is the more relevant and controlling evidence. (Tr. 223, 299-300). Particularly, the medical consultant failed to mention Dr. Loupe's records which revealed reflex loss in Plaintiff's upper and lower extremities, hyperesthesia in both hands, and neurologic deficits that cause restrictions in Plaintiff's ability to lift/carry, handle, reach, and stand/walk. (R. Doc. 13-2 at 8). Plaintiff further asserts that the ALJ should have attributed more weight to Dr. Loupe's finding that Plaintiff could lift and carry only ten or less pounds on a sustained or occasional basis.

As Defendant points out, the ALJ may not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)…including those from" the claimant's "medical sources." 20 C.F.R. 404.1520C(a). Instead, under the revised framework for claims (such as Plaintiff's) filed after March 17, 2017, the ALJ will consider the following factors to determine the persuasiveness of a medical opinion: (1) supportability, (2) consistency, (3) relationship with claimant, (4) length of the treatment relationship, (5) frequency of examinations, (6) purpose of the treatment relationship, (7) extent of treatment relationship, (8) examining relationship, and (9) specialization. 20 C.F.R. 404.1520c(c)(1)-(c)(5). The most important factors are supportability and consistency. 20 C.F.R. 404.1520c(a).

Here, the ALJ found that Dr. Loupe's December 2018 opinion that Plaintiff could lift no more than ten pounds is not supported by the evidence and lacks sufficient rationale and explanation. (Tr. 17). The ALJ reasoned that Dr. Loupe's opinion was not consistent with his earlier records and objective findings, nor was it consistent with the opinion of the DDS physician. (Tr. 17). Instead, the ALJ found that the DDS physician's opinion that Plaintiff could perform light work, with some postural and reaching limitations, was highly probative and in

9

agreement with Dr. Loupe's earlier opinion that Plaintiff could perform light or possibly medium work. (Tr. 17, 300).

Particularly, on May 14, 2018, Dr. Loupe noted that Plaintiff "did not appear to be in pain as he is sitting in the exam chair," "walks with normal gait," "stands from sitting without difficulty," and has a 70% range of motion in all directions. (Tr. 226). Plaintiff's neurological exam showed "excellent strength in all muscle groups of the upper and lower extremities." (Tr. 227). Additionally, the x-rays of Plaintiff's cervical spine showed good bone quality. (Tr. 227). On June 26, 2018, Dr. Loupe noted that—although Plaintiff was wearing a cervical collar and reported a pain level of 10/10—examination revealed that he could move his head and neck around without evidence of pain or restriction. (Tr. 223, 299). Dr. Loupe further noted that there was "no motor weakness of any muscle group in the upper and lower extremities including all large proximal muscles." (Tr. 223, 299). Aligned with the ALJ's decisions, Dr. Loupe opined that Plaintiff "is disabled from any kind of heavy work" and "possibly" medium work and he "should confine himself to light work." (Tr. 300). The ALJ found that this evidence "strongly rebuts the proposition that [Plaintiff] can perform only very sedentary work." (Tr. 17).

Considering the foregoing, the Court finds that substantial evidence supports the ALJ's determination that Dr. Loupe's December 2018 opinion is unpersuasive and not supported the objective evidence. Accordingly, the ALJ properly weighed the evidence in accordance with the applicable requirements for claims filed during the timeframe at issue.

    **C.**    **The ALJ properly assessed Plaintiff's RFC on a function-by-function basis**

In his final assignment of error, Plaintiff asserts that the ALJ neglected to assess Plaintiff's RFC on a function-by-function basis. (R. Doc. 13-2 at 10). Particularly, Plaintiff contends that the ALJ failed to include limitations in his RFC assessment as required by SSR 96-

8p. In other words, Plaintiff suggests that the ALJ failed to provide a narrative discussion of the evidence that supports his determination of Plaintiff's exertional functions.

The RFC assessment "is a function-by-function assessment based upon all of the relevant evidence of an individual's *ability to do work-related activities*." *Jeansonne v. Paul*, 855 Fed. Appx. 193, 2021 WL 1373965 (5th Cir. April 12, 2021) (emphasis in original). The "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 86-8p (emphasis in original). RFC involves both exertional and non-exertional factors. *Id.* The exertional capacity involves seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately. *Id.* …" *Id.* at 7. The RFC assessment must include a resolution of any inconsistencies in the evidence. Additionally, the "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p at *7.

Defendant suggests that the ALJ inherently complied with SSR 96-8p by determining that Plaintiff had an RFC for light work. (R. Doc. 15 at 13). According to Defendant, light work is defined by the regulations as being able to lift no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted maybe very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. (R. Doc. 15 at 13) (citing 20 C.F.R. 404.1567(b), 416.967(b)). Defendant further asserts that SSR 96-8p was satisfied by the ALJ's reference to the state agency's medical consultant's (the DDS physician) "prior administrative finding which contained a detailed function-by-function analysis." (R. Doc. 15 at 13).

The Fifth Circuit has consistently held that SSR 96-8p is satisfied when the ALJ's determination is supported by substantial evidence and is based on the function-by-function analysis of the state examiner's medical report. *See Beck v. Barnhart,* 205 Fed. Appx. 207, 213 (5th Cir. 2006); *Onishea v. Barnhart,* 116 Fed. Appx. 1, 2 (5th Cir. 2004).

In *Beck v. Barnhart,* the Plaintiff argued "that the absence of a function-by-function analysis in the ALJ's decision mandates reversal and remand." *Beck,* 205 Fed. Appx at 213. The Fifth Circuit held that the ALJ's RFC determination was supported by substantial evidence and satisfied the requisite legal standards because the "ALJ based his decision in part on the medical reports" of the DDS physicians, which contained "a function-by-function analysis of the impact of [the plaintiff's] impairments on her ability to perform various tasks." *Id.* at 213. Accordingly, SSR 96-8p is satisfied even if the ALJ fails to conduct a function-by-function analysis but basis his RFC assessment (at least in part) on a state medical examiner's report containing a function-by-function analysis.

The Court finds that the ALJ employed the correct legal standards by basing his assessment in part on the state examiner's function-by-function analysis. The DDS assessed Plaintiff as having the RFC to perform light work, and Plaintiff is limited to: (1) occasionally lifting and carrying twenty pounds, (2) frequently lifting and carrying ten pounds, (3) standing and/or walking six hours in an eight-hour day, (4) sitting about six hours in an eight-hour day, (5) occasionally stooping, kneeling, crouching, and crawling, and (6) occasionally reaching overhead. (Tr. 65-67). The ALJ found the DDS physician's assessment to be "highly probative because it is supported by the evidence." (Tr. 17). Therefore, the ALJ determined that Plaintiff is capable "of work at the light exertional level, with some postural and reaching limitations." (Tr. 17). Accordingly, the ALJ satisfied the requirements of SSR 96-8p by basing his decision, at least in part, on the DDS physician's report.

12

## V. CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that the Motion for Summary Judgment (R. Doc. 13) be **DENIED**, the decision of the Commissioner be **AFFIRMED,** and Plaintiff's appeal be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on February 11, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**